**The Honorable Richard A. Jones**

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JESSICA WANG, a United States citizen residing in Taiwan; and T & Y ELECTRIC (SHEN ZHEN) CO., LTD., a corporation organized and existing under the laws of Taiwan,<br><br>Plaintiffs,<br><br>v.<br><br>PRODUCTWORKS, LLC,<br><br>Defendant. | Civil Action No. 2:10-cv-00394-RAJ<br><br>**PRODUCTWORKS, LLC'S ANSWER TO FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

Defendant ProductWorks, LLC ("ProductWorks"), by and through counsel, hereby answers the First Amended Complaint filed by Plaintiff Jessica Wang ("Wang") and T&Y Electric (Shen Zhen) Co., Ltd. ("T&Y Electric"), asserts affirmative defenses and counterclaims, and further alleges as follows:

## NATURE OF ACTION

1. ProductWorks admits that this action purports to be based on the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*



Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

**THE PARTIES**

2. ProductWorks lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 2 of the First Amended Complaint and therefore denies each and every such allegation.

3. ProductWorks lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 3 of the First Amended Complaint and therefore denies each and every such allegation.

4. ProductWorks denies the allegations in Paragraph 3 of the First Amended Complaint. ProductWorks is an Illinois limited liability *company* with an address at 304 Wainwright Drive, Suite 130, Northbrook, IL 60062. ProductWorks notes that this correction was previously made in its original Answer.

**JURISDICTION AND VENUE**

5. ProductWorks admits that this action purports to arise under the Patent Act, 35 U.S.C. § 271 *et seq*. ProductWorks admits that this Court has original jurisdiction for claims arising under the Patent Act pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. ProductWorks denies that venue is appropriate or convenient in this Court and explicitly preserves the right to move for change or transfer of venue in this matter.

**PLAINTIFF AND THEIR RIGHTS**

7. ProductWorks lacks sufficient information or belief to admit or deny the allegations in Paragraph 7 of the First Amended Complaint and therefore denies each and every such allegation.

8. ProductWorks admits that the face of U.S. Patent No. 7,303,312 (the "'312 patent") states that the '312 patent was issued to Wang by the United States Patent and



Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

Trademark Office on December 4, 2007 and is entitled "Light Shades and Lighting Systems." ProductWorks further admits that what purports to be a copy of the '312 patent is attached to the Complaint as Exhibit A. ProductWorks lacks sufficient information or belief to admit or deny the remaining allegations in Paragraph 8 of the First Amended Complaint and therefore denies each and every such allegation.

9. ProductWorks admits that the face of U.S. Patent No. 7,585,091 (the "'091 patent") states that the '091 patent was issued to Wang by the United States Patent and Trademark Office on September 8, 2009 and is entitled "Light Shades and Lighting Systems." ProductWorks further admits that what purports to be a copy of the '091 patent is attached to the Complaint as Exhibit B. ProductWorks lacks sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 9 of the First Amended Complaint and therefore denies each and every such allegation.

10. For purposes of this Answer, ProductWorks accepts the definition of "Wang Patents" contained in Paragraph 10 of the First Amended Complaint, which does not present "factual allegations" that ProductWorks must admit or deny. ProductWorks lacks sufficient knowledge or believe concerning whether "T&Y is the exclusive licensee of the Wang Patents" or any other aspect of Wang's licensing practices and therefore denies that and any such allegation.

11. ProductWorks lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 10 of the First Amended Complaint and therefore denies each and every such allegation.



Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

## FIRST COUNT – PATENT INFRINGEMENT

12. ProductWorks incorporates its answers to Paragraphs 1-11 of the First Amended Complaint as if fully repeated here.

13. ProductWorks denies the allegations contained in Paragraph 13 of the First Amended Complaint. ProductWorks also notes that this paragraph fails to comply with the minimal requirements for competent notice pleading under *Twombly* and reserves the right to move to dismiss the First Amended Complaint, which fails to identify even a single accused product. Information already produced to Wang in the lawsuit indicates that one or more claims of the Wang Patents are invalid under various provisions of the U.S. patent laws.

14. ProductWorks admits that it has received notice from Wang's counsel in which Wang alleges infringement of the Wang Patents. ProductWorks denies the remaining allegations contained in Paragraph 14 of the First Amended Complaint. ProductWorks specifically denies that it infringes any valid and subsisting claim of the Wang Patents. Moreover, ProductWorks has provided counsel for Wang with substantial evidence that the asserted claims may be invalid.

15. ProductWorks denies the allegations contained in Paragraph 15 of the Complaint.

16. ProductWorks denies the allegations contained in Paragraph 16 of the Complaint.

## PRAYER FOR RELIEF

ProductWorks denies that Wang is entitled to any of the requested relief.



Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

# AFFIRMATIVE DEFENSES

## First Affirmative Defense
## (Failure to State a Claim)

17. The First Amended Complaint fails to state a claim upon which relief can be granted, including because ProductWorks has not performed any act, and is not proposing to perform any act, in violation of any rights validly belonging to Wang under either of the Wang Patents.

## Second Affirmative Defense
## (Non-Infringement)

18. As a separate affirmative defense, ProductWorks alleges that it has not infringed, contributed to the infringement of, or induced infringement of any valid claim of the Wang Patents, either literally or under the doctrine of equivalents.

19. Wang's claims against ProductWorks are barred given that no direct or indirect patent infringement exists on the facts or circumstances of this case under 35 U.S.C. § 271 *et seq*.

20. No valid claim of the Wang Patents literally or equivalently covers or includes within its scope any products and/or related parts and components ever made, used, offered for sale, or sold by ProductWorks.

21. Any interpretation of any claims of the Wang Patents that would cover or include any products and/or related parts and components ever made, used, offered for sale, or sold by ProductWorks would cause such claims, so interpreted, to be invalid under the provisions of 35 U.S.C. §100 *et seq*.



Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

**Third Affirmative Defense**
**(Invalidity/Unenforceability)**

22. As a separate affirmative defense, ProductWorks alleges that one or more claims of the Wang Patents are invalid, unenforceable, or void for failing to comply with the provisions of the Patent Law, 35 U.S.C. § 100 *et seq*., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, failure to pay maintenance fees, failure to properly assign rights, or otherwise.

23. Among other reasons, the Wang Patents are invalid, unenforceable, and void on one or more of the following grounds:

A. The alleged invention of the ’312 patent was known or used by others in this country before the invention thereof by the applicant for the ’312 patent (35 U.S.C. § 102(a)). ProductWorks and, on information and belief, various third parties sold in the United States as early as 2003, more than one year before the filing date of the application for the ’312 patent, products that anticipate the claims of the ’312 patent;

B. The alleged invention of the ’312 patent was in public use and on sale in this country more than one year prior to the day the application for the ’312 patent was filed in the United States (35 U.S.C. § 102(b)). ProductWorks and, on information and belief various third parties sold in the United States as early as 2003, more than one year before the filing date of the application for the ’312 patent, products that anticipate the claims of the ’312 patent;

C. The applicant for the’312 patent did not herself invent the subject matter patented (35 U.S.C. § 102(f));



Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

D. The differences between the subject matter patented in the '312 patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains (35 U.S.C. § 103). ProductWorks and, on information and belief various third parties, sold in the United States as early as 2003, more than one year before the filing date of the application for the '312 patent, products that make obvious the claims of the '312 patent.

E. The applicant for the '312 patent failed to provide an adequate written description of each and every element of the claimed subject matter (35 U.S.C. § 112).

F. The alleged invention of the '091 patent was known or used by others in this country before the invention thereof by the applicant for the '091 patent (35 U.S.C. § 102(a)). ProductWorks and, on information and belief, various third parties sold in the United States as early as 2003, more than one year before the filing date of the earliest claimed priority application for the '091 patent, products that anticipate the claims of the '091 patent;

G. The alleged invention of the '091 patent was in public use and on sale in this country, more than one year prior to the day the application for the '091 patent was filed in the United States (35 U.S.C. § 102(b)). ProductWorks and, on information and belief, various third parties sold in the United States as early as 2003, more than one year before the filing date of the application for the '091 patent, products that anticipate the claims of the '091 patent;

H. The applicant for the '091 patent did not herself invent the subject matter patented (35 U.S.C. § 102(f));



Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

I. The differences between the subject matter patented in the '091 patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains (35 U.S.C. § 103). ProductWorks and, on information and belief, various third parties sold in the United States as early as 2003, more than one year before the filing date of the application for the '091 patent, products that make obvious the claims of the '091 patent.

J. The applicant for the '091 patent failed to provide an adequate written description of each and every element of the claimed subject matter (35 U.S.C. § 112).

**Fourth Affirmative Defense**
**(Prosecution History Estoppel)**

24. As a separate affirmative defense, during the prosecution of the applications resulting in the patents-in-suit, as shown by their file histories, and by reason of the amendment, cancellation, or abandonment of claims, and the admissions, statements, and other amendments made during prosecution by or on behalf of Wang, Wang is estopped from claiming a construction for either of the patents-in-suit that would cause any claim to cover or include the use of any product manufactured, used, sold, or offered for sale by ProductWorks. She is also estopped from construing any claim terms in a manner inconsistent with her positions taken during prosecution of the Wang patents.

**Fifth Affirmative Defense**
**(Equitable Defenses)**

25. To the extent Plaintiff's Complaint asserts a right to equitable relief of any kind, including an injunction, Plaintiffs are not entitled to that relief for a variety of reasons, including


Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

(but not limited to) laches, estoppel, unclean hands, acquiescence, license, release, abandonment, waiver, the existence of an adequate remedy at law, and the balance of hardships.

**<u>Sixth Affirmative Defense</u>**
**(Limitation on Damages)**

26. Defendants are informed, believe, and therefore allege that Plaintiffs' claims for damages may be barred in whole or in part by plaintiff's or plaintiff's licensees' failure to satisfy the requirements of 35 U.S.C. § 287(a). Plaintiffs may also be limited in the damages they can claim or the other relief they can seek by 35 U.S.C. § 284 or § 284, by Plaintiffs' failure to practice the patent in the U.S., or by other facts.

**<u>Seventh Affirmative Defense</u>**
**(No Lost Profits)**

27. Plaintiff Wang appears to admit that she does not "practice" the Wang patents. Accordingly, she cannot validly claim "lost profit" damages or any other damages beyond a reasonable royalty.

**<u>Eighth Affirmative Defense</u>**
**(Mitigation)**

28. To the extent Plaintiff, or others in privity with Plaintiff, may have been damaged, those damages were caused by Plaintiff's own failure to mitigate.

**<u>Ninth Affirmative Defense</u>**
**(Lack of Standing)**

29. Review of PTO records, and of applicable assignments and corporate records, may reveal that the wrong party or parties are bringing suit or that the Plaintiffs do not have the legal standing to bring this lawsuit or to ask for damages.



Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

**Tenth Affirmative Defense**
**(Reservation of Additional Affirmative Defenses)**

30. ProductWorks presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses. As such, ProductWorks reserves the right to assert additional defenses in the event investigation or discovery indicates that additional affirmative defenses are appropriate.

## COUNTERCLAIMS

Defendant/Counterclaimant ProductWorks brings the following counterclaims against Plaintiffs/Counterclaim Defendants Wang and T&Y Electric (Shen Zhen) Co., Ltd. ("T&Y Electric"):

## THE PARTIES

1. ProductWorks, LLC ("ProductWorks") is an Illinois limited liability company with an address at 304 Wainwright Drive, Suite 130, Northbrook, IL 60062.

2. On information and belief, Wang, who filed suit against ProductWorks in this district, is a United States citizen residing in Taiwan. On information and belief, Plaintiff and Counterclaim Defendant T&Y Electric is a corporation located in Taiwan.

## JURISDICTION AND VENUE

3. This is an action for declaratory relief. This Court has jurisdiction over these counterclaims based on 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4. An actual, substantial and continuing justiciable controversy exists between ProductWorks and Plaintiffs, with respect to which ProductWorks requires a declaration of its rights by this Court. Specifically, the controversy relates to invalidity and non-infringement of


Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

the ’312 patent and the ’091 patent, and to the right of Plaintiffs to maintain a suit for alleged infringement of the ’312 patent and the ’091 patent.

5. This Court has jurisdiction over Plaintiffs, and venue is proper under 28 U.S.C. §§ 1391(b). ProductWorks reserves the right to move for a change in venue on *forum non conveniens* or any other grounds.

## **FACTS**

6. According to the allegations of the First Amended Complaint, Wang owns the entire right, title, and interest in the ’312 patent and the ’091 patent. T&Y Electric is apparently the sole, exclusive licensee of the Wang Patents.

7. Plaintiffs have accused ProductWorks of directly and/or indirectly infringing one or more claims of the ’312 patent and the ’091 patent. ProductWorks denies that it any way infringes either the ’312 patent or the ’091 patent and further believes that these patents are invalid and/or unenforceable.

8. An actual case or controversy exits between the parties concerning the invalidity and non-infringement of the ’312 patent and the ’091 patent, and that controversy is ripe for adjudication by this Court.

## **COUNTERCLAIMS**

### **First Counterclaim**
### **(Declaration of Patent Non-Infringement of the ’312 patent)**

9. ProductWorks hereby incorporates and realleges paragraphs 1 through 8 of these Counterclaims.

10. Wang alleges that she owns the ’312 patent, and Plaintiffs have brought suit against ProductWorks for infringement of the ’312 patent.



Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

11. ProductWorks has not infringed, directly or indirectly, any claim of the ’312 patent.

12. An actual case or controversy exits between ProductWorks and Plaintiffs, based on Plaintiffs’ having filed the First Amended Complaint against ProductWorks alleging infringement of the ’312 patent.

13. ProductWorks has been injured and damaged by the filing of the First Amended Complaint asserting the ‘312 patent which is not infringed by ProductWorks.

14. Declaratory relief is both appropriate and necessary to establish that ProductWorks has not infringed any claim of the ’312 patent and thus the ’312 patent cannot be asserted against ProductWorks. This counterclaim is urged against all claims of the ’312 patent, regardless of which claims are asserted.

**Second Counterclaim**
**(Declaration of Patent Invalidity of the ’312 patent)**

15. ProductWorks hereby incorporates and realleges paragraphs 1 through 14 of these Counterclaims.

16. ProductWorks believes that the ’312 patent is invalid for one or more of the reasons alleged in the Affirmative Defenses of the Answer by ProductWorks, which paragraphs are incorporated into this counterclaim by reference with the same force and effect as if repeated herein in full.

17. An actual case or controversy exists between ProductWorks and Plaintiffs, based on the filing of the First Amended Complaint against ProductWorks alleging infringement of the ’312 patent.



Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

18. ProductWorks has been injured and damaged by Plaintiffs' filing of the First Amended Complaint asserting the '312 patent which is invalid.

19. Declaratory relief is both appropriate and necessary to establish that the '312 patent is invalid, and thus cannot be asserted against ProductWorks. This counterclaim is urged against all claims of the '312 patent, regardless of which claims are asserted.

**Third Counterclaim**
**(Declaration of Patent Non-Infringement of the '091 patent)**

20. ProductWorks hereby incorporates and realleges paragraphs 1 through 19 of these Counterclaims.

21. Wang alleges that she owns the '091 patent, and has brought suit, along with T&Y Electric, against ProductWorks for infringement of the '091 patent.

22. ProductWorks has not infringed, directly or indirectly, any claim of the '091 patent.

23. An actual case or controversy exits between ProductWorks and Plaintiffs, based on the filing of the First Amended Complaint alleging ProductWorks' infringement of the '091 patent.

24. ProductWorks has been injured and damaged by the filing of the First Amended Complaint asserting the '091 patent which is not infringed by ProductWorks.

25. Declaratory relief is both appropriate and necessary to establish that ProductWorks has not infringed any claim of the '091 patent, and thus the '091 patent cannot be asserted against ProductWorks. This counterclaim is urged against all claims of the '091 patent, regardless of which claims are asserted.


Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

**Fourth Counterclaim**
**(Declaration of Patent Invalidity of the '091 patent)**

26. ProductWorks hereby incorporates and realleges paragraphs 1 through 25 of these Counterclaims.

27. ProductWorks believes that the '091 patent is invalid for one or more of the reasons alleged in the Affirmative Defenses of the Answer by ProductWorks, which paragraphs are incorporated into this counterclaim by reference with the same force and effect as if repeated herein in full.

28. An actual case or controversy exists between ProductWorks and Plaintiffs, based on Plaintiffs' having filed the First Amended Complaint against ProductWorks alleging infringement of the '091 patent.

29. ProductWorks has been injured and damaged by the filing of the First Amended Complaint, which asserts the '091 patent which is invalid.

30. Declaratory relief is both appropriate and necessary to establish that the '091 patent is invalid, and thus cannot be asserted against ProductWorks. This counterclaim is urged against all claims of the '091 patent, regardless of which claims are asserted.

**PRAYER FOR RELIEF**

**WHEREFORE,** ProductWorks prays for the following relief:

A. An order dismissing Plaintiffs' Complaint *with prejudice*;

B. A judgment in favor of ProductWorks and against Plaintiffs;

C. A judgment declaring that ProductWorks has not infringed any claim of the '312 patent or the '091 patent;



Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

D. A judgment declaring that the ’312 patent and the ’091 patent, and all of their claims, are invalid;

E. A judgment declaring the ’312 and ’091 patents, and all their claims, to be unenforceable;

F. Attorneys’ fees and costs under 35 U.S.C. § 285 or any other applicable provision;

G. Interest on any judgments; and

H. Any other relief the Court deems just and proper.

**JURY DEMAND**

ProductWorks hereby demands a trial by jury on all issues so triable.

Dated this 2nd day of March, 2011.

s/Paul H. Beattie
Paul H. Beattie, WSBA No. 30277
**Merchant & Gould P.C.**
701 Fifth Avenue, Suite 4100
Seattle, Washington 98104
Tel: (206) 342-6200
Fax: (206) 342-6201
E-mail: pbeattie@merchantgould.com

Marc E. Fineman
Gary I. Blackman
**LEVENFELD PEARLSTEIN, LLC**
2 N. LaSalle St. Suite 1300
Chicago, Illinois 60602
Tel: (312) 476-7558
Fax: (312) 346-8434
E-mail: mfineman@lplegal.com

***Attorneys for Defendant, ProductWorks, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of March, 2011, I served a true and correct copy of **PRODUCTWORKS, LLC'S ANSWER TO FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** on the following persons, at the following address, by the indicated method:

Kevin S. Costanza
**SEED INTELLECTUAL PROPERTY LAW GROUP**
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Tel: (206) 622-4900
Fax: (206) 682-6031
Email: kevinco@seedip.com
*Attorney for Plaintiff*

Nathaniel Eli Durrance
**SEED INTELLECTUAL PROPERTY LAW GROUP**
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Tel: (206) 622-4900
Fax: (206) 682-6031
Email: nathand@seedip.com
*Attorney for Plaintiff*

by:

☐ U.S. Postal Service, ordinary first class mail
☐ U.S. Postal Service, certified or registered mail, return receipt requested
☐ hand delivery to:
☐ facsimile
☒ electronic service through the CM/ECF court system
☐ other (specify)

s/Kayla E. Butcher
Kayla E. Butcher



Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200